MR. JUSTICES HASWELL and DALY
(specially concurring) ;
We concur in the result but not in the rationale of the majority opinion.
In our view, the release agreements here bar plaintiff’s action on two grounds: (1) the liability of father and daughter is inseparable and identical, both in kind and in amount, so that settlement and release of one must necessarily constitute settlement and release of the other, and (2) ratification of the release agreements.
The releases here bar plaintiff’s action, not because Denise and her father are joint tortfeasors which they are not, but because the liability of each is identical, indivisible, and inseparable. Liability of the father is imputed by statute, wholly derivative, and in like amount to that of the daughter. Accordingly, settlement of the one claim must necessarily include settlement of the other.
*317 Additionally, the acceptance of payment and the conduct of the parties constitutes ratification of the releases under section 13-325, R.C.M. 1947, which provides:
“A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting. ’ ’